956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerome A. JEFFERSON, Defendant-Appellant.
 No. 89-50555.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided March 6, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerome Jefferson appeals from the district court's denial of his motion to suppress.[1] We affirm.
 
 
 3
 We review de novo the district court's conclusion that the officers had a reasonable suspicion sufficient to justify an investigatory stop. United States v. Mondello, 927 F.2d 1463, 1470 (9th Cir.1991). We review the district court's factual findings for clear error. United States v. Carillo, 902 F.2d 1405, 1412 (9th Cir.1990).
 
 
 4
 Jefferson activated the magnetometer five times and the airport security employees saw a bulge in his clothing. These facts justified the security employees in further pursuing their administrative search for weapons and explosives. See United States v. $124,570 U.S. Currency, 873 F.2d 1240, 1246-47 n. 6 (9th Cir.1989). Even if the officers' request that Jefferson proceed to the airport security office is viewed as an investigatory stop, it was justified at that point because the hand-held metal detector continually triggered on the bulges in Jefferson's clothing. That fact supports an articulable suspicion that Jefferson was carrying a weapon or explosives. See United States v. Sokolow, 490 U.S. 1, 7 (1989); Mondello, 927 F.2d at 1470. The investigatory stop did not ripen into an arrest when the security employees directed Jefferson to the airport security office and kept him there briefly. See Mondello, 927 F.2d at 1471 (thirty-minute detention to permit dog-sniff of luggage does not amount to arrest). Moreover, it was reasonable for the security employees to ask Jefferson to proceed to the office so that he could disclose the contents of the bulge in his clothing without embarrassing consequences. United States v. Holzman, 871 F.2d 1496, 1502 (9th Cir.1989).
 
 
 5
 The airport police officers' frisk of Jefferson occurred in essentially the same factual setting as the initial investigatory stop. Jefferson had a visible bulge in his pants that had triggered the magnetometer and the hand-held metal detector. The officers had an articulable suspicion that Jefferson possessed either a weapon or explosives; therefore, the officers properly frisked Jefferson and removed the packages from the bulge in his clothing. Terry v. Ohio, 392 U.S. 1, 27, 30 (1968); United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988).[2] To subject the packages to x-ray in order to determine the existence of weapons or explosives was permissible in the circumstances. See $124,570 U.S. Currency, 873 F.2d at 1246-47 n. 6. That contraband was thereby revealed[3] does not invalidate the search for deadly devices, or require suppression of the contraband. Id. The district court correctly denied Jefferson's motion to dismiss.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Jefferson entered a conditional guilty plea on March 19, 1989 preserving his right to appeal the denial of his suppression motion
 
 
 [2]
 We need not reach the issue of implied consent in light of our conclusion that the officers were entitled to frisk Jefferson without his consent
 
 
 [3]
 Jefferson does not attack the police officers' x-ray identification of the package contents as being narcotics